IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN DEWEY LIM, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV254 |
| | ) | |
| V. | ) | |
| | ) | |
| US MARSHALS, JOHN DOE #1, | ) | **MEMORANDUM** |
| JOHN DOE #2, and EBAN JONES, | ) | **AND ORDER** |
| Deputy, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff's "Motion for Return of Unlawfully Seized Property," which the court liberally construes as a complaint. (Filing No. 1.) For the reasons that follow, the court will allow this action to proceed to service of process on the United States. However, Plaintiff's claims against Eban Jones will be dismissed without prejudice.

## I. SUMMARY OF COMPLAINT

Plaintiff alleges he was arrested by two United States Marshals and Eban Jones, a Douglas County Deputy, on or about May 12, 2015 in Omaha, Nebraska. (Filing No. 1.) Plaintiff claims that upon his arrest, he was searched and that the Marshals seized multiple items of personal property. (Filing No. 1 at CM/ECF pp. 5-6).

Plaintiff maintains that Defendants refuse to return his property even though he has not been charged with a crime in connection with the May 12, 2015 arrest. Plaintiff names the "US Marshals John Doe #1 John Doe #2," and Douglas County Deputy Eban Jones as defendants. As relief, Plaintiff seeks the return of his property.

## II.  APPLICABLE STANDARDS OF INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

Federal Rule of Criminal Procedure 41(g)) provides a mechanism by which an individual may seek to recover property seized by federal agents.  Under Rule 41(g), a person "aggrieved by an unlawful search and seizure of property or by the

deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." After a criminal proceeding has ended, a district court should construe a motion requesting the return of property seized as initiating a civil action in equity. [Lavin v. United States, 299 F.3d 123, 127 (2d Cir. 2002](#)).

Having reviewed the matter, the court will allow Plaintiff's claims to proceed to service of process against the U.S. Marshals.[1] Plaintiff contends that property was unlawfully seized by Marshals during a search, and that they refuse to return his property. For purposes of initial review, these allegations are sufficient to state a claim.

However, Plaintiff's claims against Douglas County Deputy Eban Jones will be dismissed without prejudice. Plaintiff does not allege that Jones is in possession of the property. Moreover, if Jones actually has custody of the property, Plaintiff should seek its return in state, as opposed to federal, court.

IT IS THEREFORE ORDERED:

1. Plaintiff's claims against Defendant Deputy Eban Jones are dismissed without prejudice.

2. Because, for all practical purposes, the United States of America is the defendant in this suit, the clerk of court is directed to send Plaintiff two USM 285 forms and two summons forms, together with a copy of this Memorandum and Order, for service upon the following: (1) the United States Attorney for the District of Nebraska and (2) the United States Attorney General. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the clerk of court. In the absence of the forms, service of process cannot occur.

---

[1] The proper name for "US Marshals" is the "United States Marshals Service."

3

3. Upon receipt of the completed forms, the clerk of court will sign the summons forms, to be forwarded with copies of the complaint to the U.S. Marshal for service of process upon the United States as set forth in Fed. R. Civ. P. 4(i)(1). The U.S. Marshal shall serve the summons and complaint without payment of costs or fees.

4. Federal Rule of Civil Procedure 4 requires service of the complaint on a defendant within 90 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

6. The clerk of court is directed to set a pro se case management deadline in this case with the following text: "February 22, 2017: Check for completion of service."

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 26th day of October, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

4